USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/15/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
UNITED STATES OF AMERICA,                    :
                                                              :          03-CR-1501 (VEC)
            -against-                                    :
                                                              :
JASON ROSE,                                          :                   ORDER
                                                              :
                              Defendant.           :
------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

WHEREAS on December 9, 2005, Defendant Jason Rose was sentenced to a term of

imprisonment of 240 months on Count One for conspiracy to distribute crack cocaine and

marijuana and a consecutive term of 60 months on Count Two for use of a firearm during a drug-

trafficking offense, Dkt. 242;

WHEREAS on May 13, 2019, the Court found that Mr. Rose was eligible for a sentence

reduction on Count 1 pursuant to the First Step Act of 2018, Dkt. 422;

WHEREAS on September 19, 2019, the Court resentenced Mr. Rose to 168 months on

Count 1, to run consecutively with his 60-month sentence on Count 2, Dkts. 428, 432;

WHEREAS on July 23, 2020, Mr. Rose, proceeding *pro se*, requested that 116 days he

served in state custody be credited against his federal sentence pursuant to U.S.S.G. § 5G1.3(b)

and noted that his attorneys at sentencing and resentencing had failed to move for such credit,

Dkt. 443;

WHEREAS on July 24, 2020, the Court construed Mr. Rose's request as a petition for

habeas corpus pursuant to 28 U.S.C. § 2255, Dkt. 444 (citing *United States v. Werber*, 51 F.3d

342, 349 n.17 (2d Cir. 1995));

WHEREAS on August 13, 2020, the Government opposed Mr. Rose's petition, Dkt. 446;

1

WHEREAS on August 20, 2020, Mr. Rose clarified his position that he was requesting credit for the full 393 days he served in state custody between February 2, 2002 and January 29, 2004, Dkt. 447; and

WHEREAS "the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest,'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006));

IT IS HEREBY ORDERED that Mr. Rose's petition is DENIED.[1]  Mr. Rose argues that he should have received a lesser sentence to account for time served on prior state convictions, pursuant to Section 5G1.3(b)(1) of the U.S. Sentencing Guidelines.  That provision requires district courts to "adjust the sentence for any period of imprisonment already served on [an] *undischarged* term of imprisonment" that "resulted from another offense that is relevant conduct to the instant offense of conviction."  U.S.S.G. § 5G1.3(b)(1) (emphasis added).  For the purpose of this motion only, the Court assumes that the various New York state offenses for which Mr. Rose served terms of imprisonment constitute "relevant conduct" pursuant to U.S.S.G. § 1B1.3. *See* May 4, 2005 Presentence Report at 12–14 (listing Mr. Rose's prior New York criminal convictions).  The prison terms for those state offenses were all discharged before 2005, the year Mr. Rose was convicted in this case.  *See id.* (listing the disposition of several of the offenses at issue as "discharged"); *see also* Gov. Resp., Dkt. 446 at 3 (noting that the last offense was

---

[1]      The Government also argues that Mr. Rose's habeas corpus petition should be denied because it is a second or successive motion pursuant to 28 U.S.C. § 2255, which requires authorization from the Second Circuit that Mr. Rose has not obtained.  Gov. Resp., Dkt. 446 at 3 (relying on 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244).  The Government is correct that Mr. Rose filed a habeas corpus petition in 2013, which was denied.  *See* Petition, Dkt. 353; Order, Dkt. 354.  But the Court construes Mr. Rose's current habeas petition as a challenge to the amended judgment, which was entered in 2019.  Accordingly, Mr. Rose's petition "would not be successive because it is his first § 2255 motion challenging the amended judgment of conviction."  *Johnson v. United States*, 623 F.3d 41, 46 (2d Cir. 2010); *see also Avent v. Estervez*, No. 20-CV-1197, 2020 WL 4570048, at *3 (S.D.N.Y. Aug. 4, 2020) (same).

deemed discharged by the Department of Corrections on January 29, 2004). With no

undischarged prison term to credit, Section 5G1.3(b)(1) of the Sentencing Guidelines is

inapplicable to Mr. Rose's situation. As the Second Circuit held, "Section 5G1.3(b) cannot be

interpreted to mean more than it says [and the] text refers only to 'undischarged' prison terms."

*United States v. Lucas*, 745 F.3d 626, 629 (2d Cir. 2014); *see also id.* (rejecting appellant's

argument that the meaning of 'undischarged term of imprisonment' should be stretched to

encompass discharged terms of imprisonment). Accordingly, Mr. Rose is not eligible for a

sentence reduction pursuant to Section 5G1.3(b)(1).

Even though Section 5G1.3 does not apply to Mr. Rose's situation, Section 5K2.23 of the

U.S. Sentencing Guidelines provides a basis for a downward departure with respect to

discharged terms of imprisonment. That provision states that a "downward departure may be

appropriate if the defendant (1) has completed serving a term of imprisonment; and (2)

subsection (b) of § 5G1.3 . . . would have provided an adjustment had that completed term of

imprisonment been undischarged at the time of sentencing for the instant offense." U.S.S.G. §

5K2.23; *see also* U.S.S.G. § 5G1.3 cmt. 5. Given the "special solicitude" afforded to *pro se*

parties, *see Triestman*, 470 F.3d at 475, the Court liberally construes Mr. Rose's habeas corpus

petition to include a claim of ineffective assistance of counsel based on his attorney's failure to

argue for a downward departure pursuant to that provision when he was resentenced.[2]

To prove ineffective assistance of counsel, a Petitioner must show that counsel's

performance was: (1) deficient, such that "counsel's representation fell below an objective

standard of reasonableness under prevailing professional norms," and (2) prejudicial, such that

---

[2]     The Court notes that this argument would have been irrelevant at Mr. Rose's initial sentencing in 2005, because Judge Scheindlin sentenced him to the mandatory minimum on each count of conviction. *See* Judgment, Dkt. 242.

"there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Lynn v. Bliden*, 443 F.3d 238, 247 (2d Cir. 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).  Assuming — contrary to fact — that not making this argument represented deficient performance,[3] because Mr. Rose cannot demonstrate that counsel's failure to raise this argument was prejudicial, the Court denies his Petition.

At the time of resentencing, Mr. Rose had served 16 years of his original sentence and had a lengthy prison disciplinary record.  *See* May 13, 2019 Tr., Dkt. 422 at 11 ("The longest period of time that Mr. Rose has gone without a disciplinary shot is 18 months [and] there was a period of time where it was sort of shot after shot after shot."); *see also* Prison Disciplinary Record (filed under seal).  After an initial court appearance at which the Court found Mr. Rose eligible for resentencing pursuant to the First Step Act in May 2019 and at which there was lengthy discussion of the impact of Rose's poor prison disciplinary record on the Court's view of the propriety of a sentence reduction, the Court postponed resentencing by four months to give Mr. Rose an opportunity to demonstrate that he could behave in prison.  *See* May 13, 2019 Tr., Dkt. 422 at 21–22.  The Court stressed to Mr. Rose the importance of showing the Court that he had the tools to adhere to the rules of the facility.  *Id.*  Over the following four months, Mr. Rose incurred prison discipline for two separate incidents of misconduct.  *See* Updated Prison Disciplinary Record (filed under seal).  At the second court appearance, taking Mr. Rose's continued disciplinary problems into account, the Court declined to resentence Mr. Rose to time

---

[3]     Counsel for Mr. Rose represented him ably and effectively at resentencing.  Her pitch was for a time-served sentence; she and the Court knew that the Guidelines were not an impediment to that goal.  That being the case, an argument based on an arcane discussion of the Court's ability to downwardly depart from a non-binding guideline would have not been effective advocacy.

served (as urged by his attorney), but did reduce Mr. Rose's sentence on Count One from 20 years to 14 years.  Amended Judgment, Dkt. 428.[4]

Under the circumstances, the Court would not have reduced Mr. Rose's sentence any further even if Defense counsel had argued that the prior discharged terms of imprisonment provide a basis for a downward departure.[5]  Because there is no reasonable probability that the result of the proceeding would have been different had counsel made that argument, Mr. Rose cannot demonstrate that counsel's performance prejudiced him.  *See United States v. Bryan*, No. 15-CR-15, 2020 WL 68303, at *3 (W.D. Va. Jan. 7, 2020), *appeal dismissed*, 829 F. App'x 671 (4th Cir. 2020) (holding that a defendant had failed to establish prejudice as required by *Strickland* because "[e]ven if counsel had requested a downward adjustment pursuant to USSG § 5K2.23, [the court] would not have granted one"); *see also Salas-Soto v. United States*, No. 02-CV-9306, 2004 WL 63494, at *2 (S.D.N.Y. Jan. 13, 2004) (finding with respect to a different sentencing guideline that "because it is a near certainty that any such request for a downward departure would have failed . . . [the defendant's] contention that his attorney's representation was constitutionally deficient also must fail").  Because Mr. Rose cannot establish prejudice, the Court denies any claim based on ineffective assistance of counsel.

In summary, Mr. Rose's habeas corpus petition is denied.  The state terms of imprisonment had been discharged prior to Mr. Rose's federal conviction, making him ineligible for credit pursuant to Section 5G1.3(b)(1).  And, even liberally construing his petition to include

---

[4]     Mr. Rose appealed that sentence.  Notice of Appeal, Dkt. 431.  The Second Circuit Court of Appeals affirmed the undersigned's Order.  *See United States v. Rose*, No. 19-3101 (2d Cir. Mar. 26, 2021), ECF No. 112 ("[T]he district court acted well within its broad discretion in concluding that Rose's lengthy history of prison disciplinary infractions, which included many recent violent infractions, did not support a larger reduction in sentence.") (internal citation omitted).

[5]     Although the sentence imposed when Mr. Rose was resentenced was at the bottom of the applicable guideline range, the Court expressly noted that the Guidelines were not binding.  Sept. 19, 2019 Tr., Dkt. 432 at 4.

a claim for ineffective assistance of counsel because his attorney failed to argue for a downward departure pursuant to Section 5K2.23, because the Court would not have further reduced Mr. Rose's sentence even if this argument had been made, Mr. Rose's habeas corpus petition based on ineffective assistance of counsel is also denied.

The Clerk of Court is respectfully directed to close the open motions at docket entries 387 and 395.  The Clerk is further directed to mail a copy of this Order to Mr. Rose, at Jason Rose (Reg. No. 55913-054), USP Victorville, U.S. Penitentiary, P.O. Box 3900, Adelanto, CA 92301.

**SO ORDERED.**

**Date:  April 15, 2021**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**