USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/03/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
UNITED STATES OF AMERICA,

    -against-

JASON ROSE,

                      Defendant.
-------------------------------------------------------------- X

03-CR-1501 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS on December 9, 2005, Mr. Rose was sentenced by Judge Scheindlin to 25 years imprisonment: 20 years for conspiracy to distribute crack and marijuana (the mandatory minimum) (count 1) and a consecutive 5 years for use of a firearm in relation to a drug trafficking offense (the mandatory minimum) (count 2), Dkt. 242;

WHEREAS on September 24, 2019, the Undersigned resentenced Mr. Rose pursuant to the First Step Act to 19 years imprisonment: 14 years on count 1 and a consecutive five years on count 2, Dkt. 428;

WHEREAS Mr. Rose's release date is May 23, 2022, Dkt. 461 at 3;

WHEREAS on July 20, 2021, Mr. Rose filed a motion for compassionate release, Dkt. 453;

WHEREAS on July 20, 2021, the Court reappointed the Federal Defenders to represent Mr. Rose for the purpose of filing a new motion for compassionate release, *id.*;

WHEREAS on September 24, 2021, Mr. Rose filed a new motion for compassionate release, Dkt. 458;

WHEREAS on October 18, 2021, the Government opposed Mr. Rose's motion, and provided Mr. Rose's Bureau of Prisons ("BOP") medical records (under seal) and his disciplinary and education records, Dkt. 461;

WHEREAS Mr. Rose has exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A), Dkt. 458 at 2–3; and

WHEREAS this Court has broad discretion when deciding a motion pursuant to 18 U.S.C. § 3582(c), but must determine (i) whether extraordinary and compelling reasons exist to grant such relief, and (ii) whether a sentence reduction would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a), *United States v. Brooker*, 976 F.3d 228, 234–35 (2d Cir. 2020); *United States v. Rodriguez*, No. 17-CR-157, 2020 WL 3051443, at *1 (S.D.N.Y. June 8, 2020).

IT IS HEREBY ORDERED that Mr. Rose's Motion for Compassionate Release is GRANTED.  The Court finds that the COVID-19 pandemic, including the wildly contagious Omicron variant, constitutes an extraordinary and compelling reason to grant the requested relief. *See Brooker*, 976 F.3d at 236 (noting "district courts' discretion to consider whether any reasons are extraordinary and compelling"); *United States v. Maya Arango*, No. 15-CR-104, 2020 WL 3488909, at *2 (S.D.N.Y. June 26, 2020) (holding that the threat of COVID-19 may constitute an extraordinary and compelling reason supporting compassionate release); *see also* Compassionate Release Mot., Dkt. 458 at 4–6 (collecting cases where courts found the COVID-19 pandemic constituted an extraordinary and compelling reason).

The Court further holds that, despite Mr. Rose's continuing poor compliance with the rules of his penal institution, the Section 3553 factors do not counsel against granting the requested relief at this point.  Mr. Rose, who has five months left of his sentence, *see* Resp., Dkt. 461 at 3, has completed 97.8% of his total sentence.  While granting Mr. Rose's motion will affect a very modest reduction of his sentence, it is not inconsistent with the Court's evaluation of the Section 3553 factors.  This sentence reflects the seriousness of the offense, promotes respect for the law, and affords adequate deterrence to criminal conduct.  18 U.S.C. § 3553(a).

When the Court resentenced Mr. Rose in September 2019, it did not anticipate the pandemic and the effects of the pandemic on incarcerated inmates, including Mr. Rose. Mr. Rose reports consistent lockdowns, being confined to his cell for most of the day, and limited showers and phone calls with family. *See* Compassionate Release Mot. at 7–8. As Judge Rakoff found in a different case, in the pandemic context, "the sentence [the defendant] is now serving looks materially different from the sentence the Court envisioned." *United States v. Garcia*, 505 F. Supp. 3d 328, 332 (S.D.N.Y. 2020). Accordingly, when considering the Section 3553 factors, including "provid[ing] just punishment for the offense" and "the kinds of sentences available," the Court finds that a slight reduction in Mr. Rose's sentence is warranted. *See Garcia*, 505 F. Supp. at 332.

With respect to a reentry plan, Mr. Rose recognizes that upon completion of his sentence, he will be immediately deported to Jamaica. Compassionate Release Mot. at 12. The Court hopes Mr. Rose will take advantage of the resources offered by his Great Aunt Yvonne Grant, who assists individuals who have been deported to Jamaica to successfully settle in that country. *Id.* at 12. The Court further expects Mr. Rose will use the vocational skills he learned in BOP custody, including plumbing and janitorial services, to get and keep a job in Jamaica. *Id.* at 14. The Court also believes that Mr. Rose will be supported by his family, with whom he maintains close contact, and who supported him in person at his 2019 resentencing hearing. *Id.* at 13–14.

Based on these findings, the Court hereby reduces Mr. Rose's sentence to time served. This order is stayed for up to fourteen days, to allow the BOP to coordinate Mr. Rose's transfer to the custody of the immigration authorities in anticipation of his deportation to Jamaica. The Court encourages Mr. Rose to use this time to obtain a booster vaccine against COVID-19. There shall be no delay in ensuring Mr. Rose's transfer. In the event that Mr. Rose is released and not transferred to the custody of the immigration authorities, Mr. Rose's previously imposed

term of 10 years of supervised release as well as the mandatory and special conditions of his supervision, *see* Amended Judgment, Dkt. 428, will remain in place.

The Clerk of Court is respectfully directed to close the open motion at docket entry 458.

**SO ORDERED.**

**Date: January 3, 2022**
**New York, New York**

**VALERIE CAPRONI**
**United States District Judge**